1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| AEA INVESTMENT PROPERTIES, LLC, | Case No.: 3:23-cv-02088-RBM-BLM |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION;** |
| ILDIFONSO BARCENAS TORRES, PABLO HERNANDEZ, and DOES I–V, | **(2) DENYING DEFENDANTS' MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT;** |
| Defendants. | **[Docs. 2, 3, 4]** |

On November 11, 2023, Defendant Pablo Hernandez ("Defendant Hernandez"), proceeding *pro se*, filed a Notice of Removal of Superior Court of the State of California, County of San Diego, Case No. 37-2023-00019556-CL-UD-CTL ("Notice of Removal"). (Doc. 1.) On the same day, Defendant Hernandez filed a motion for leave to proceed in forma pauperis ("IFP Motion"). (Doc. 2.)

In his Notice of Removal, Defendant Hernandez states, "Plaintiff has actually filed a [f]ederal [q]uestion action in [s]tate [c]ourt, for which the [s]tate [c]ourt [a]ction is

1

removed ….."  (*Id.* at 2.)   Plaintiff contends that "[n]ew federal legislation …, the 'Protecting Tenants at Foreclosure Act 2009,' 12 U.S.C. [§] 5220 … preempted [s]tate [l]aw as to bona fide Residential tenants of foreclosed Landlords …." (*Id.*)

On January 11, 2024, Plaintiff AEA Investment Properties, LLC ("Plaintiff") filed a Motion for Remand ("Motion").  (Doc. 3.)  In its Motion, Plaintiff contends that "[o]n or about May 8, 2023[,] Plaintiff filed this action in [s]tate [c]ourt for unlawful detainer."  (*Id.* at 2.)  Plaintiff argues that "[r]emoval to this court is improper because there is no federal question and therefore no subject matter jurisdiction."  (*Id.*)   Plaintiff asserts that "[Defendant Hernandez] alleges he is protected from eviction under 12 U.S.C. § 1331 the 'Protecting Tenants at Foreclosure Act of 2009' ('PTFA')" but that "PTFA was enacted by Congress during the foreclosure crisis to protect tenants in rental properties that were under foreclosure."  (*Id.*)  Plaintiff then argues that "[t]he PFTA does not protect tenants who do not have written lease agreements and does not protect tenants who are subject to unlawful detainer action where no foreclosure is at issue."  (*Id.*)  Plaintiff concludes that there is no foreclosure involved in this case and that removal of this action was improper.  (*Id.*)  Plaintiff did not select a hearing date, and Defendant Hernandez did not file a response.

On April 26, 2024, Plaintiff filed a second Motion for Remand to State Court ("Second Motion").  (Doc. 4.)  In this Second Motion, Plaintiff selected a hearing date and reiterated that the property at issue in this case is not in foreclosure and, therefore, that PTFA does not apply.  (*Id.* at 1–2.)

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion, DENIES Plaintiff's Second Motion as moot, and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.  The Court also **DENIES** Defendant's IFP Motion as moot.

## I.      LEGAL STANDARD

A defendant may remove a civil action from state court to federal court.  28 U.S.C. § 1441.  The removing party "has the burden of establishing that removal was proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  There is a strong presumption

against removal jurisdiction. *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A district court must remand a case to state court *sua sponte* if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), *aff'd*, 38 F.4th 68 (9th Cir. 2022) ("Lack of subject matter jurisdiction may [] be raised by the district court *sua sponte*.") (italics added); *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("[C]hallenges to subject-matter jurisdiction may be . . . 'at any point in the litigation,' and courts must consider them *sua sponte*.") (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)).

## II. DISCUSSION

Defendant asserts federal question jurisdiction as his basis for removal. Therefore, the Court only addresses federal question jurisdiction.

District courts have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

The Court notes "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense … or rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 49 (2009). Rather, "the federal question must 'be disclosed

3

upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

Here, Plaintiff filed a "Complaint for Unlawful Detainer" in the Superior Court of California, County of San Diego on May 8, 2023.  (Doc. 1 at 10.)  The Court finds that it does not have subject matter jurisdiction because the underlying action is an unlawful detainer proceeding.  *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also U.S. Bank Nat'l Ass'n v. Bilbaeno*, No. C–12–01707, 2012 WL 3987317, at * 1 (N.D. Cal. Sept. 7, 2012) (finding that an unlawful-detainer claim *not* based upon any federal statute cannot establish federal-question jurisdiction).

The Court also finds that Defendant Hernandez has not met his burden to establish federal question jurisdiction.  The Court agrees with Plaintiff that the PTFA only applies to tenants of properties in foreclosure.  *See* 12 U.S.C.A. § 5220 *et. seq.*.  Further, "federal district courts have held that a defense based on the [PTFA] cannot serve as a basis for removal jurisdiction."  *Aurora Loan Servs., LLC*, 2011 WL 5508926, at *3–4 ("[A]s pleaded, the complaint is strictly an action based on the California unlawful detainer statutes.  Consequentially, defendant's assertions of 12 U.S.C. § 5220 and [PTFA] are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."); *see also Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished) ("... provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence … offer [defendant] a federal defense to an

unlawful detainer action where the plaintiff fails to comply with these requirements.  A federal defense, however, does not support federal-question jurisdiction.").

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court *sua sponte* finds that it does not have subject matter jurisdiction over this action.  Therefore, the Court **GRANTS** Plaintiff's Motion, **DENIES** Plaintiff's Second Motion as moot, and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.  The Court also **DENIES** Defendant's IFP Motion as moot.

**IT IS SO ORDERED**.

DATE:  April 26, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE